THE FORD MOTOR CO. *v.* THE POTOMAC INS. CO.

(Decided August 8, 1927.)

*Mr. John H. McNeal,* for plaintiff in error.

*Messrs. Dustin, McKeehan, Merrick, Arter & Stewart,* for defendant in error.

HOUCK, J. The parties in this case stand in an order the reverse of that held in the court below. For convenience, we shall refer to the parties as they were in the lower court, calling the Potomac Insurance Company plaintiff and the Ford Motor Company defendant.

The petition sets forth that the plaintiff insured one Ray Middleton, not a party to the lawsuit, against damage to his Lincoln automobile by reason of fire; that Middleton bought said automobile from defendant; that shortly thereafter the paint job on the car developed defects and Middleton thereupon entered into a contract with defendant, whereunder Middleton agreed to deliver the automobile back to the defendant for the purpose of correcting the defect, and defendant agreed to repaint or repair the automobile and return it in the same condition in all other respects as when delivered to it. The automobile was delivered to the defendant. It is alleged that Middleton performed the contract fully upon his part, and that the defendant failed and neglected to comply with the contract upon its part, in that, among other things:

"(1) That said defendant wholly failed and neglected to return said automobile to the said Ray Middleton after work had been completed thereupon in the same condition in all other respects as when delivered to defendant.

"(2) That defendant caused or permitted the automobile to be seriously damaged by fire."

It is further alleged that said defendant "negligently caused or permitted said automobile to be damaged by fire, and that as a proximate result" certain damage was sustained.

It is pleaded that plaintiff lived up to its contract of insurance with Middleton, and paid him $1,969, receiving an assignment of his cause of action against the defendant, the Ford Motor Company. Judgment was prayed for in said amount, with interest.

The answer, save for the admission that the Lincoln automobile was delivered to defendant for the purpose of being repainted, and was damaged in certain respects by fire in the W-D Paint & Trim Shop, is a general denial.

Upon the issues raised by these pleadings the cause was submitted to a jury, and a verdict returned for the plaintiff in the sum of $2,143.68. The motion for a new trial was overruled by the trial judge, and judgment was entered on the verdict.

Numerous errors are set out in the petition in error, as grounds for reversing the judgment below, but the following were stressed in oral argument:

(1) Error in the proof as to the measure of damages.

The trial judge permitted testimony to go to the jury as to the cost of the different items used in the repair of the damaged automobile.

The general rule in such cases is that the measure of damages is the difference in value of the car in its condition immediately before and immediately after the claimed injury thereto; yet we find and

hold this is not the exclusive rule. In Huddy on Automobiles (8th Ed.), p. 1031, Section 870 *et seq.,* we find the following:

"Where, by the wrongful act of the defendant, the plaintiff's automobile is injured, but is not totally destroyed, the measure of damages usually adopted is the difference between the market value before the injury and market value thereafter. * * * As a practical proposition, this difference in many cases is represented by the cost of repairing the machine. Thus, the reasonable value of repairs necessitated is admissible as evidence bearing upon the depreciation in value through the injury."

In Berry on Automobiles (5th Ed), Section 1140, it is said:

"Evidence of the reasonable value of repairs made necessary by the accident, as were required to place the automobile in usable condition, as well as evidence of its reasonable market value when repaired, is competent, as bearing on the reasonable market value of the machine immediately after the damage."

An inspection of the record discloses that counsel for plaintiff and defendant tried this case upon the theory that the measure of damages was the cost of the repairs on the damaged automobile.

On pages 71 and 72 of the record, Mr. McNeal, counsel for the defendant, said:

"Mr. McNeal: The measure of damages is the cost of repairs and he has proven that. Now he wants to get in the cost of the car and the upkeep of the car when the only measure of damages is the cost of repairs, which he has proven."

In view of the state of the record upon the rule as

to the measure of damages, in this case, we are in-
clined to believe that counsel for the defendant is
in no position to complain, especially in the light of
the special exception taken by him for the defendant
to the general charge of the court, as appears in
the record.

(2) Are the answers or any of the answers to the
special interrogatories inconsistent with the general
verdict?

Section 11464, General Code reads:

"When a special finding of facts is inconsistent
with the general verdict, the former shall control the
latter, and the court may give judgment accord-
ingly."

"To be inconsistent with the general verdict as
contemplated by Section 5202, Revised Statutes
[Section 11464, General Code], it must appear that
the special findings are irreconcilable, in a legal
sense, with the general verdict; and, to justify the
court in setting aside or disregarding the general
verdict on the ground that it is inconsistent with
such special findings, the conflict must be clear and
irreconcilable." *Davis* v. *Turner,* 69 Ohio St., 102,
68 N. E., 820.

Under the established facts in the present case, the
said statutory provision, and the rule of law laid
down in the cited case, we are bound to reach the
conclusion that the answers to the interrogatories
are not inconsistent with the general verdict.

The verdict of the jury was responsive to the
proven and conceded facts. No errors of law — of
such a nature as would warrant a reversal of the
judgment under review — appearing of record, and
substantial justice having been done in the prem-

ises, the judgment of the common pleas court must be affirmed.

*Judgment affirmed.*

SHIELDS and LEMERT, JJ., concur.

Judges of the Fifth Appellate District, sitting in place of Judges SULLIVAN, VICKERY and LEVINE, of the Eighth Appellate District.