JOHNSON *v.* THOMPSON.

(Decided November 16, 1929.)

*Messrs. Graham & Graham,* for plaintiff in error.
*Messrs. Maxwell & Leasure,* for defendant in error.

SHERICK, J.   This is an error proceeding from the court of common pleas of Muskingum county, and the parties stand in this court in an order the reverse of that held in the court below.   They will

be herein referred to as they stood in the court of first instance.

The petition is grounded on negligence growing out of an automobile collision of the parties' cars on the 11th day of December, 1928, at a point on the National Pike or Greenwood avenue in the city of Zanesville, Ohio. Plaintiff, Joseph E. Thompson, claims damages for a total destruction of his car, and for the loss of the use thereof, and the expense incident thereto, and for personal injury. It is charged that the defendant, C. A. Johnson, was negligent by reason of his excessive speed, and that his car was not under control, and that he was careless and negligent in not watching the road ahead. To this petition the defendant answered by way of a general denial, and, by way of cross-petition, charges the plaintiff with negligence in that the plaintiff turned from his side of the road over and upon the left side of the road in front of the defendant, upon which side the defendant was rightfully approaching, without giving any signal of his intention so to do.

Each party charges the other with driving directly in the path and right of way of the other.

The errors complained of in this proceeding in error all go to the charge of the court. It is first insisted that the trial court erred in improperly charging the amount of damages that the plaintiff was entitled to recover. That part of the charge referable thereto is as follows:

"The plaintiff claimed that he was damaged in property, that his automobile was damaged in the manner and way set out, to which I have called your attention, in the amount of one hundred and seventy

five dollars—he further claims that because he was deprived of the use of his automobile, by the defendant's negligence, he lost, or he was inconvenienced to the amount of fifty dollars, because he could not use it going to and from his work.

"You have the right, in arriving at the damages to either petition you find entitled to damages, to take into consideration all the testimony and all the evidence on the points claimed by each and determine as best you can what amount of damages you will give to make the party whole. That is, what will compensate him for such actual loss?"

It will be remembered that it was the claim of the plaintiff, and sustained by the proof, that the plaintiff's car was totally demolished. This being true, this court is unable to see the propriety of permitting the plaintiff to further make recovery for the loss of use thereof. It is well stated in Berry on Automobiles (6th Ed.), volume 2, Section 1250, page 1012: "When the automobile has been damaged by the negligence of another and can be repaired, the proper measure of damages is the cost of the repairs and the value of the loss of the use of it while it is being repaired. If it cannot be repaired, then the measure of damages is the difference between the market value of the automobile before it was damaged and the value of the wreckage."

Further, the same authority asserts in Section 1254, on page 1019: "If no usable value can be shown, of course, nothing can be recovered for the loss of its use."

This last-announced rule is directly applied in the case of *Barnes* v. *United Rys. & Electric Co.*, 140

Md., 14, 116 A., 855, 856, and is applicable to the instant case. Therein the court says:

"If the plaintiff recovers the full value of the automobile, as for a complete destruction, he cannot also recover the value of the use."

It is therefore the view of this court that the trial judge should have instructed the jury that there could be no recovery for the loss of the use of the car in view of its total destruction, and that he should not have charged the jury as was done. It must therefore follow that that part of the charge hereinbefore recited was error, and was prejudicial to the rights of the plaintiff in error.

It is next urged that the trial court erred in that it instructed the jury that a violation of Sections 6310-18, 6310-22, 12603, and 12603-1, of the General Code, constitutes negligence *per se*, and that thereby the substantial rights of the defendant were prejudiced. Section 6310-18 provides that "a vehicle meeting another vehicle approaching from the opposite direction shall pass to the right." We hold the view that this section is more than a rule of conduct in the use of the road, that it is a positive and specific injunction to do a definite act, and that the rule of *per se* negligence is applicable thereto. This rule of the road by a long usage and custom is now recognized by the Legislature as a specific requirement of one using the public road. In this particular the trial court did not err.

This court does not deem it necessary to consider the objection raised to that part of the charge with reference to Section 6310-22 for the reason that a charge of *per se* negligence thereon was not prejudicial, but beneficial, to the defendant, in that such

a charge, as given, placed a greater burden on the plaintiff. We know of no rule that permits a party to claim error prejudicial to his cause when such error, if error there was, is beneficial to his interests.

It is noted that the court in its instructions to the jury concerning Sections 12603 and 12603-1 follows the ruling of the court in *Schell* v. *DuBois, Admr.,* 94 Ohio St., 93, 113 N. E., 664, L. R. A., 1917A, 710, and we believe the question raised in this cause is fully answered by that authority, which has not been disturbed in *Heidle* v. *Baldwin,* 118 Ohio St., 375, 116 N. E., 44, 58 A. L. R., 1186.

For the reasons indicated, the judgment of the court below will be reversed.

*Judgment reversed.*

LEMERT, P. J., and HOUCK, J., concur.