## KROGER GROCERY & BAKING CO v POLING

Ohio Appeals, 2nd Dist. Montgomery Co

No 1205.   Decided Feb 23, 1934

McMahon, Corwin, Landis & Markham, Dayton, for plaintiff in error.

Joseph W. Sharts, Dayton, for defendant in error.

## OPINION

By BARNES, J.

In the brief of counsel for plaintiff in error the claimed errors are summarized and discussed in somewhat different form and order than in the petition in error, and we will take up and consider them in the same order as in the brief.

On pages 2 and 3 these several points of error are set out as follows:

I. The defendant is entitled to judgment on the answers to the special interrogatories which are inconsistent with the general verdict and show contributory negligence on the part of plaintiff.

II. The trial court erred in refusing to direct a verdict for defendant as plaintiff's own testimony showed contributory negligence.

III. Even if defendant is not entitled to judgment it is at least entitled to a new trial because:

A. The court refused to give special instructions Numbers 4 and 9 requested by defendant.

B. The court refused to take from the jury the question of damage to the automobile though no proper measure of damages was proved.

C. The general verdict is not supported by the evidence and is against the weight of the evidence.

On pages 26 and 27 of the brief another ground of error is discussed which may be properly designated as misconduct of counsel. This is not made a separate ground in the petition in error, but probably may be included in paragraph No. 9 "For all other errors apparent on the face of the record, prejudicial," etc.

On page 27 of the brief counsel also contends that the amount of the judgment is excessive. This ground of error is not set out specifically in the petition, but would also be included in paragraph 9, "all other errors," etc.

Point of error No. 1 as set out on page 2 of the brief reads as follows:

I. The defendant is entitled to judgment on the answers to the special interrogatories which are inconsistent with the general verdict and show contributory negligence on the part of plaintiff.

This ground of error is discussed in the brief on pages 6 to 14 inclusive. It is disclosed from the record that the following interrogatories were presented to the jury and answered as follows:

1. Did the plaintiff see the truck of the defendant in time to avoid striking it and thus have avoided the accident?
Answer—Yes.

1. A. Could the plaintiff in the exercise of ordinary care for his own safety have seen the truck of the defendant in time to have avoided striking it and thus have avoided the accident?
Answer—No.

2. If your answer to Special Interrogatory Number 1 or Number 1-A is "No" what prevented him from so seeing the truck of the defendant?
Answer—Nothing.

3. If your answer to Special Interrogatory Number 1 or Number 1-A is "No", then could the plaintiff, in the exercise of ordinary care for his own safety have driven his automobile between the rear of defendant's truck and the right or east curb of Troy Street?
Answer—No

4. If your answer to Special Interrogatory Number 3 is "No" what was there to prevent plaintiff from operating his automobile between the rear of defendant's truck and the right or east curb of Troy Street?
Answer—Nothing.

5. Was the plaintiff, Howard E. Poling, as he approached Leonard Street and at the time of the collision operating his automobile entirely to the right or east of the center of Troy Street?
Answer—Yes.

6. If your answer to Special Interrogatory Number 5 is "No" what was there to prevent the plaintiff from operating his automobile entirely to the right or east of the center of Troy Street as he approached Leonard Street and at the time of the collision?
Answer—Nothing.

7. Was the plaintiff immediately before and at the time of the collision operating his automobile at a rate of speed greater than would permit him to bring said automobile to a stop within the assured clear distance ahead?
Answer—No.

8. Was there sufficient lights within the limit of the street at the place of this collision to show substantial objects two hundred feet ahead of plaintiff's automobile?
Answer—Yes.

9. If your answer to Special Interrogatory Number 8 is "No" was the plaintiff, immediately before and at the time of the collision operating his automobile with lights sufficient to show substantial objects on the street two hundred' feet straight ahead of said automobile?
Answer—Yes.

It is the claim of counsel for plaintiff in error that the answer to interrogatories Numbers 1, 1-A, 2, 3 and 4 are inconsistent with the general verdict, and under the authority of **Central Gas Co. v Hope Oil Co., 113 Oh St, 354**, require the verdict and

judgment to be set aside and judgment entered for the defendant.

On first impression it would seem that the answer to Interrogatory Number 1 is inconsistent and irreconcilable with the answer to Interrogatory 1-A, and that 1-A is inconsistent and irreconcilable with the answer to Interrogatory Number 2 and all irreconcilable or inconsistent with the general verdict.

A careful reading and analysis of the pleadings and the evidence will show that the answers to these interrogatories are readily reconcilable with the general verdict. The answer to Interrogatory Number 1 calls upon the jury to determine whether or not the plaintiff saw the truck in time to avoid striking it. Under the evidence the jury could give no other answer to this question than "Yes." Under plaintiff's testimony he saw it when 75 feet away in a standing position. If it had remained in that position he could and would have avoided striking it. If under the evidence it would have been shown that the position of the truck had not changed, then the answer would be inconsistent with the general verdict. It is the claim of plaintiff that the truck backed into his path and this is the issue upon which the right of recovery must be based. An interrogatory and answer that leaves out of consideration this claimed movement of the truck cannot be considered at all.

Answer to Interrogatory 1-A of course is consistent with the verdict. The language of this interrogatory is subject to the same objection as Number 1 in that it fails to present the issue of the truck moving into the path of plaintiff, but apparently the jury desired to say that the plaintiff was in the exercise of ordinary care and therefore their answer was "No." If the jury in answering this interrogatory was considering the truck in its standing position, then the answer would necessarily have been the same as in Interrogatory Number 1, but they must be answering the interrogatory in the light of the claim that the truck was backing into the path of plaintiff, when they say that the plaintiff in the exercise of ordinary care could not have avoided the accident.

In answer to Interrogatory Number 2, the jury says that nothing prevented the plaintiff from seeing the truck of the defendant. Under the record or under any theory of the case, this question could not be answered differently. Plaintiff claims that he did from the time that he was 75 feet away see the truck and there could not well have been a different answer. The evidence shows that it was in plain view and under the uncontradicted evidence there was nothing to prevent his seeing it. Interrogatories Numbers 3 and 4 touch the same subject and must be considered together. Interrogatory Number 3 makes inquiry, "Could the plaintiff, in the exercise of ordinary care for his own safety have driven his automobile between the rear of defendant's truck and the right or east curb of Troy Street?" The answer of the jury was "No."

Under the state of the record this was an issuable fact. It was the claim of the plaintiff that when he observed the truck backing across the street he put on his brakes and went into a skid. If the defendant's truck was being backed so as to occupy two-thirds of the traveled portion of the road, this would to an extent be interfering with the plaintiff's right to the use of the right half of the road. If as he claims this truck was moving backward on the east half of the road, it would not be negligence on the part of plaintiff as a matter of law to put on brakes in an effort to stop. This situation would present to plaintiff an emergency. It could not be said that he knew the truck was going to stop and leave a sufficient space to enable the plaintiff to pass to the rear. Under the state of the record and the charge of the court the jury in answering this interrogatory had a right to take into consideration this situation of emergency. We find nothing inconsistent in the answer and general verdict.

Interrogatory Number 4 asks the question, "What was there to prevent plaintiff from operating his automobile between the rear of defendant's truck and the right or east curb of Troy Street?" Their answer is "Nothing." Again we must take into consideration the conflict in the evidence, to-wit, the plaintiff claiming that the truck was backing into his path and the defense making the claim that it was in a standing position. If the evidence was uncontroverted or if an interrogatory had been submitted and the jury had found that the truck was in a standing position at all times as the plaintiff moved northerly from a distance of approximately 75 feet south, then a similar answer to Interrogatory Number 4 would demand a reversal of the verdict and judgment. However, when we consider the issue raised in the pleadings and the evidence that the truck was moving across plaintiff's path on the right hand side of the road and under the charge of the court on the emergency situation

the jury could well find that the plaintiff was in the exercise of ordinary care although it subsequently developed that there was sufficient room to pass in the rear of the truck.

There is no claim made that the answers to any of the remaining interrogatories are inconsistent or irreconcilable with the general verdict. However the claim is made that the answers to many are not supported by the evidence. Reference may be made to these remaining interrogatories and their answers in discussing some of the other claimed points of error.

## II Point of Error.

"The trial court erred in refusing to direct a verdict for defendant as plaintiff's own testimony showed contributory negligence."

It is our conclusion that the record will not sustain the contention of the defendant that plaintiff was guilty of negligence as a matter of law. The claim is made that the record discloses that the plaintiff was driving on the left hand side of the road as he proceeded northerly to the point of collision. We will say that the plaintiff was somewhat evasive in his answers and under the entire record the jury would have been warranted in concluding that plaintiff was driving with his left wheels on the left hand side of the road. After much quibbling he does finally say in answer to a question propounded by his counsel that he would say that he was driving on the right hand side of the road. In cross examination he answers that he was straddling the east rail. The jury in answer to Interrogatory Number 3 find that he was operating his automobile entirely to the right or east of the center of Troy Street. In no event would the trial court have been warranted in making a finding that his position on the highway was the proximate cause of the accident. This was purely a jury question.

Claim is also made that according to the testimony of plaintiff he admitted that his lights on this night would only show objects ahead of him a distance of 150 feet. The statute is cited which requires automobiles to equip with lights which will throw their lights ahead and show objects at a distance of 200 feet. Again, there is an issue of proximate cause and this is beyond the power of the court to determine under the state of the record. The question is raised that he did not have his car under such control that he could stop within the assured clear distance ahead.

The issue under the pleadings and supported by the evidence that the truck was moving into the path of the plaintiff, removes the question of negligence as a matter of law. The trial court was not in error in his refusal to direct a verdict.

## Point of Error No. III.

"Even if defendant is not entitled to judgment it is at least entitled to a new trial because:

A. The court refused to give special instructions Numbers 4 and 9 requested by defendant.

B. The court refused to take from the jury the question of damage to the automobile though no proper measure of damages was proved.

C. The general verdict is not supported by the evidence and is against the weight of the evidence."

Taking up these subdivisions in order, and, first, "A", on the refusal of the court to give special instructions Numbers 4 and 9 before argument. It is our conclusion that special request No. 4 should have been given, and but for the answer of the jury in Interrogatory Number 5 would be prejudicial. The jury having found that the plaintiff as he approached and at the time of the collision was operating his automobile entirely to the right or east of the center of Troy Street, removes the application of special request No. 4. The refusal to give, therefore, is not prejudicial. Request No. 9 was not a correct statement of the law in that it left out the question of proximate cause. In effect it told the jury that if the plaintiff was guilty of negligence the verdict must be for the defendant. This, of course, is not a correct statement.

Subdivision B urges that the court should have taken from the consideration of the jury the question of damages to the automobile for the reason that no proper measure of damages was proven. The only direct testimony as to the value of the automobile before and after the accident was in the evidence of the plaintiff. He was not qualified as to his knowledge of values. The court admitted it upon the ground that he was the plaintiff. However, the record discloses that he was not the owner of the car at the time of the accident. He acquired the claim and right to sue the defendant by virtue of an assignment from the then owner of the car. It has been decided in this state that the owner may testify as to value without first being qualified and on the theory that his ownership

of the property necessarily gives him such knowledge of the subject as renders him a competent witness. We do not think that this rule should be extended. Therefore, we think the introduction of this evidence was error.

However, damages may be shown in other ways, and there was presented in this case with much detail the nature and extent of the injuries to the automobile and also the expense of repairs amounting to $195.00. **Ford Motor Co. v Potomac Ins. Co., 27 Oh Ap, 279, (6 Abs 401).** The verdict of the jury as to the damage to the car was $60.00. We find no error in submitting this issue to the jury.

Under subhead "C" it is claimed that the verdict is not supported by the evidence and is against the weight of the evidence. We approach the consideration of this ground of error with the understanding that the verdict of the jury is not to be disturbed upon a mere difference of opinion. Before a reviewing court would reverse, the verdict must be so manifestly against the weight of the evidence as to shock the conscience if permitted to stand. The courts have repeatedly called attention to the fact that the jury in the trial court see and hear the witnesses, observe their demeanor and thereby are better able to determine the weight that should be given to the testimony than can a reviewing court from the cold type.

While I do not care to speak for my associates, yet it is the view of the writer of this opinion that if the determination of the case was being presented originally, the finding would be for the defendant. This is for the reason that to me the picture, as developed from the testimony of the driver of the truck is more reasonable than that of the plaintiff. However, as indicated above, it is not in the power of this court to reverse on a mere matter of difference of view point. The jury, after a very full presentation of the evidence and an excellent charge from the trial court finds for the plaintiff. We also have the opinion of the trial court on determining the motion for new trial that the verdict is sustained by adequate and sufficient evidence. We are unable to find that the verdict is so manifestly against the weight as to permit our interference.

On the question of misconduct of counsel, we have in the bill of exceptions a single page showing excerpts from the argument to the jury of counsel for plaintiff. We do not have the argument in full nor do we have any part of the argument of counsel for defendant. Unquestionably some

of the statements should not have been made. It is hard to understand why counsel will jeopardize the interests of their clients by injecting improper statements into the argument. However the court, when requested, correctly told the jury that they should confine their determination to the facts in the case, and we are unable to conclude that the misconduct was of such serious moment as to lead us to conclude that it in any way affected the verdict.

Another claim is made that the verdict is excessive. Again we might say that this is a close question. There is no measuring stick to determine the value of pain and suffering. It is primarily left to the sound judgment of the jury. We do not feel that we should disturb the amount.

Finding no prejudicial error the judgment of the court below will be sustained at the costs of plaintiff in error. Exceptions will be allowed. Entry may be drawn accordingly.

HORNBECK, PJ, and KUNKLE, J, concur.