CREASAP, Plaintiff-Appellee v BLAKELY, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 3508. Decided November 20, 1942.

Carlisle D. Dollings, Columbus, for plaintiff-appellee.
Power & Barton, Columbus, for defendant-appellant.

### OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Municipal Court of the city of Columbus in favor of the plaintiff and against the defendant in the sum of $235.00 and costs.

The action was for property damages to a 1938 Buick automobile owned by the plaintiff which on the night of December 14, 1940, was struck by a Chevrolet automobile driven by the defendant. The collision occurred at or about the east approach of the West Mound Street bridge over the Scioto River in Columbus, Ohio.

The petition set out four specifications of negligence:

1. Failure of defendant to yield the right of way to the plaintiff.

2. To have his automobile under control.

3. Operation of defendant's automobile at a speed which would not permit him to bring it to a stop within the assured clear distance ahead.

4. Failure and neglect to observe other people and their property at the time and place of the collision.

The prayer of the petition was for judgment in the sum of $235.00. The answer of the defendant admits the occurrence of the collision at the time and place, substantially as alleged in the petition, and denies all the averments of negligence and says that the collision was unavoidable. The cause was submitted to a municipal judge without the intervention of a jury. The finding of the trial judge was general. No special findings were requested nor interrogatories submitted.

Appellant assigns eight grounds of error but devotes his brief to three grounds, namely, that from the evidence presented it appears that the defendant was not guilty of any negligence in any particular alleged in the petition; that the collision was unavoidable and that the trial court erred in not sustaining defendant's motion to dismiss the action because of failure to prove the amount of plaintiff's damage.

As to the first two errors assigned, we are satisfied to say they are not well made. Upon the record, as we find it, there were two well defined theories, widely divergent, and the trial judge had the right to accept the testimony supporting the plaintiff's claim. Inasmuch as we do not have any specific finding, we do not know upon which averment of negligence the court predicated his finding in behalf of the plaintiff and if the testimony will support any one or more of the specifications of negligence the judgment may not be reversed on either of the two grounds which we now consider. Obviously, there is evidence supporting one or more of the specifications of negligence set out in the petition.

The only question of substance on this record is that which relates to the proof of the damages resulting to plaintiff's automobile by the collision with defendant's car.

The record discloses that the collision under consideration in the instant case was the second one in which plaintiff's automobile was involved. Just a few minutes before plaintiff's and defendant's automobiles collided, an automobile driven by a Mr. Holstein had sideswiped plaintiff's Buick car and damaged the left fenders, front and rear, and the running board. The plaintiff testified after the first collision which he said was not a direct impact but more of a sideswipe caused by the oncoming skidding car, he walked around his automobile and observed it carefully and that the extent of the damage was as heretofore stated. He then described in detail, as did other witnesses, the force of the impact of defendant's automobile with plaintiff's car and the nature of the damage resulting therefrom. Counsel inquired of the plaintiff in chief the reasonable value of his car immediately before it was struck by the Holstein car to which he answered, $550.00; that it was worth $425.00 immediately before the defendant's car struck it. This question was then propounded,

"And what was the reasonable market value of your automobile immediately after the Blakely car struck your car?

"A.  I don't know."

Then the following questions were put and answers made:

"Q.  Well, how did you arrive at the $190.00 valuation of your car after the accidents?  (Witness did not answer.)

"Q.  What was done to your car, Mr. Creasap?

"A.  I junked it.

"Q.  What do you mean when you say you junked it—was it sold?

"A.  Yes, sir, it was sold for junk.

"Q.  What did you realize from the sale of the junk?

"A.  $190.00."

This answer was admitted over the objection and exception of defendant's counsel.  Elsewhere in the record plaintiff testified that after the second accident he was confronted with the necessity of having his car repaired or junking it.  That "it was either junk the car or get it fixed up and it would have cost me more than ever to get it fixed up".  That he sold the car to a representative of the Columbus Buick Company.

From the foregoing, it is apparent that the damages assessed by the trial court were not predicated upon the commonly accepted measure of such damages, namely, the difference between the market value of the automobile of plaintiff immediately after the collision with the defendant's automobile and its market value immediately before the collision.  If, however, applying the true measure of damages it may be determined that the court fixed a sum which probably is representative of such damages, the judgment should not be disturbed.  If the $190.00 may be found to be the fair market value of plaintiff's automobile after the collision in question, then the judgment is correct in amount.  The Columbus Buick Company, it must be assumed, is a reputable dealer, the plaintiff likewise was under obligation to secure as much return from his automobile as it was fairly worth.  In this situation it was sold for junk for $190.00.  Under the circumstances appearing, we are of the opinion that this sum fixed with certainty the fair market value of plaintiff's automobile after its collision with defendant's car. There likewise was some uncertainty as to the correctness of the owner's determination of the market value of his automobile after the first collision.  Courts do not exact the impossible of litigants.  If the best proof which is susceptible from the facts is forthcoming, if it reasonably meets the demands of the law, it is sufficient.  This requirement the plaintiff has met.

We recognize that the question presented is close on the law but upon a fair consideration of all the evidence upon the question

of the measure of plaintiff's damages, we cannot find that any prejudicial error resulted to the defendant in the sum fixed by the trial judge.

The judgment will, therefore, be affirmed.

GEIGER, P.J., and BARNES, J., concur.