**BLANEY, Appellee, v. THOMAS, Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 6176. Decided November 17, 1959.

Dagger & Lantz, Lancaster, for appellee.
Robins, Metcalf & Fisher, Columbus, for appellant.

(McLAUGHLIN, J, of the Fifth District, sitting by designation in the Tenth District.)

## OPINION

By DUFFY, J.

This is an appeal from a judgment rendered in the municipal court of Columbus, Ohio. The case involved a highway situation in which another car traveling in the opposite direction from that in which the appellant was traveling, started to make a left-hand turn in front of her and she swerved to avoid the turning car and also later to avoid parked cars, and finally struck the parked car of the appellee.

Appellant gives as assignments of error (1) the judgment rendered

by the municipal court of Columbus, was manifestly against the weight of the evidence, and (2) the judgment rendered by the municipal court of Columbus in the sum of $400 was in excess of the loss sustained by the plaintiff according to the plaintiff's own testimony.

The evidence presented to the trial court required him to determine whether or not the appellant was negligent after swerving to avoid the car which was making the left turn in front of her. Since there was evidence that she lost control of her car after swerving to the right to miss the turning car and then swerved again to miss a parked truck, and while the car was out of control it struck the parked automobile of the appellee which was parked approximately 240 feet south of the intersection and 54 feet west of the road upon which she had been traveling, it was for the trier of the facts to determine whether or not her actions constituted negligence and we cannot say that his judgment is manifestly against the weight of the evidence.

As to the value of the appellee's car, evidence indicates the appellee had purchased the car a day or two prior to the accident and the certificate of title showed a purchase price in the amount of $400 and a sales tax payment of $12. There was other evidence indicating that the appellee had given a 1950 Mercury, which he valued at from $150 to $200, as a trade-in on the purchase of the car which was wrecked. There was also the evidence of the appellee as to the value of the car immediately before the accident and immediately after the accident, and the difference between the two was more than $400, so that the trier of the facts could properly assess the damages at that figure.

The judgment of the municipal court of Columbus will be affirmed.

BRYANT, PJ, McLAUGHLIN, J, concur.