POWELL, APPELLANT, *v.* BISHOFF ET AL., D. B. A. GLENWAY TIRE SHOP, APPELLEES.

(No. 11055—Decided April 27, 1970.)

*Mr. Harry Falk,* for appellant.
*Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. Ralph F. Mitchell,* for appellees.

Hess, J. This is an appeal from a judgment of the Court of Common Pleas of Hamilton County affirming the judgment of the Municipal Court of Hamilton County.

The parties will be referred to as they appeared in the Municipal Court.

On or about November 14, 1963, the plaintiff, Edward Powell, took his automobile to the place of business of the defendants, Albert J. Bishoff and Tony Wesselman, doing business as Glenway Tire Shop, with some new parts which the defendants agreed to install. There were no air cleaners on the plaintiff's vehicle when he took it to the defendants' place of business.

When plaintiff returned to defendants' place of business about one week later, he saw his automobile which had been in the possession and control of the defendants since November 14, 1963, parked on a street some distance from the defendants' business.

Upon inspection, the plaintiff observed the hood of his car had been opened, paint burned off the hood and part of the fenders, electric wiring melted, and metal parts of the carburetor and generator melted and fused together. At that time, defendants advised the plaintiff his car was not ready for delivery.

On cross-examinaton, defendants stated that they knew there were no air cleaners on plaintiff's automobile and that the absence of air cleaners could cause a fire in the automobile. One witness for the defendants testified that while he was driving plaintiff's automobile from defendants' place of business he heard a back-fire sound which he believed came from the automobile he was driving and plaintiff's automobile then burst into flames, and that he did nothing to extinguish the fire.

The plaintiff made repeated demands for delivery by the defendants of the repaired automobile, which was not accomplished by the defendants at the date of trial.

In his amended petition, plaintiff claims that due to the action of the defendants his automobile is a complete loss, and that its value at the time defendants took possession of the automobile was $2,240, less $25 junk value.

A defendant testified that the vehicle could be repaired for $80; however, no repairs had been made on the automobile by the defendants from the time it was delivered to them on November 14, 1962, to date of trial on November 5, 1964.

The trial court found in favor of the plaintiff in the sum of $80 and costs, for which judgment was entered on December 30, 1964. Before judgment was entered, the trial court presented its findings of fact and conclusions of law:

"No. 1. That the defendants operate an automobile repair shop.

"No. 2. That the plaintiff brought his 'hot-rod' automobile into the defendants' shop for repairs.

"No. 3. That the plaintiff furnished the parts to be assembled on his automobile.

"No. 4. That there were no air cleaners on the automobile when it was brought into the shop.

"No. 5. That the automobile was repaired by the defendants.

"No. 6. That the fair and reasonable cost of these repairs was thirty dollars and eighty-nine cents ($30.89).

"No. 7. That the defendants' mechanic knew the air cleaners were not on the car.

"No. 8. That the defendants' mechanic drove the vehicle out of the garage to park it in the lot when the electric system caught fire.

"No. 9. That the car backfired.

"No. 10. That the defendant Wesselman testified that failure to have air cleaners can cause a fire, and

"No. 11. That when air cleaners are not present, precautions should be taken.

"No. 12. That the fair and reasonable value of the repairs to the vehicle would be in the amount of eighty ($80.00) dollars.

"CONCLUSIONS OF LAW:

"The court finds that the defendants were negligent in that they knew that the air cleaners were absent from the car and that the absence of such cleaners can cause a fire and that precautions should be taken.

"Therefore, judgment is for the plaintiff in the sum of Eighty ($80.00) Dollars, which is the fair and reasonable cost of the repairs."

It will be observed that in item six of the findings of fact the court found plaintiff's automobile had been repaired. There is no statement in the narrative bill of exceptions that the automobile had been repaired. There is

testimony by one Jack Binder that "he worked on the car of the plaintiff and that there was no air filter on the car; that he was driving the car out of the premises when he heard a noise which sounded like backfire * * * and that thereafter the automobile of the plaintiff was on fire but he could do nothing whatsoever in any attempt to put out the fire; that the fire was too hot and that he did not approach it for that reason."

In its conclusions of law, "The court finds that the defendants were negligent in that the air cleaners were absent from the car and that the absence of such cleaners can cause a fire and that precautions should be taken."

The sole assignment of error presented by the plaintiff is that "both courts below erred in measuring the damages for the destruction of an automobile used for other than commercial purposes as the reasonable value of repairs rather than the automobile's reasonable market value immediately before its destruction."

The law of Ohio supports the general rule that the measure of damages for the destruction of an automobile which is used for other than commercial purposes is the reasonable market value of the vehicle immediately before its destruction, less any salvage value. *Falter* v. *Toledo*, 169 Ohio St. 238; *Johnson* v. *Thompson*, 35 Ohio App. 91; *Ford Motor Co.* v. *Potomac Ins. Co.*, 27 Ohio App. 279; *Blaney* v. *Thomas*, 110 Ohio App. 395; *Creasap* v. *Blakely*. 38 Ohio Law Abs 632; also, 25 Ohio Jurisprudence 2d Garages, Section 28.

Having found the fire was due to the negligence of the defendants, the court failed to consider the value of the plaintiff's automobile after the repairs and immediately before the fire.

The judgment of the Court of Common Pleas affirming the judgment of the Municipal Court is reversed and this cause is remanded to the Municipal Court of Hamilton County for further proceedings according to law.

*Judgment reversed.*

SHANNON, P. J., and HILDEBRANT, J., concur.