BENJAMIN D. SHEDAKER, PLAINTIFF, v. CLARENCE JAMES ET AL., DEFENDANTS.

Argued October 7, 1930—Decided April 8, 1931.

Before Gummere, Chief Justice, and Justices Trenchard and Lloyd.

For the rule, *Howard Eastwood* (*Philip Wendkos*, of counsel).

*Contra, Ernest Watts and V. Claude Palmer* (*Thomas D. Begley*, on the brief).

The opinion of the court was delivered by

Trenchard, J. The complaint contained three counts. The first, to recover the contract price of certain asparagus roots which plaintiff sold to one Isobel Shedaker, his daughter-in-law; the second, to recover his share of profits resulting from the purchase by himself and Isobel of certain other asparagus roots, which share of profits had been ascertained and agreed upon between them; the third, to recover compensation for services rendered to Isobel in the management of her business, which, like his own, was the raising and marketing of asparagus roots. Isobel died in 1927, leaving certain heirs-at-law, and they, with her administrator, are the parties defendant. The trial resulted in a verdict in

favor of the plaintiff and against the defendants, and the latter were allowed this rule to show cause why the verdict should not be set aside.

The first reason upon which the motion for a new trial is rested is:

"That the court erred in permitting the plaintiff, Benjamin D. Shedaker, to testify concerning conversations and transactions by and between him and the decedent, Isobel M. Shedaker."

This reason is not properly subject to consideration since it is not in compliance with rule 125 of the Supreme Court, which requires that the party entering such rule "shall write down the reasons upon which he rests such motion *with such particularity as is now required in stating grounds of appeal.*" A reason which, as here, states merely that testimony was admitted "concerning conversations and transactions by and between plaintiff and decedent" is too general and indefinite. The alleged illegal testimony objected to, question and answer, should be embodied in the reason. The court is entitled to know precisely the specific ruling to be dealt with, and opposing counsel what he is expected to meet. *Stathos* v. *Bunevich, ante,* p. 269; *Alling* v. *Walton,* 7 *N. J. Mis. R.* 101; *Napper* v. *West Jersey and Seashore Railroad Co.,* 6 *Id.* 1035; *State* v. *Blaine,* 104 *N. J. L.* 325; *Benson* v. *Brady,* 5 *N. J. Mis. R.* 13; *Carey* v. *Deems,* 101 *N. J. L.* 419.

The next reason is:

"That the verdict returned by the jury was improper and that it was against the weight of the evidence."

We think the evidence amply supported plaintiff's claim and that the verdict in his favor was not against the weight of the evidence.

Under this head it is argued that there can be no recovery on the first count for the purchase price of asparagus roots because the agreement sued on was not reduced to writing. This argument might well be answered by the observation that it is not stated as a reason for granting a new trial. However, it is plainly ill-founded. The substance of the ar-

gument is that the contract was for the sale of realty or an interest therein and so invalid under the statute of frauds because not in writing. But that was not the nature of the contract. It was rather a contract for the sale and delivery forthwith of two hundred thousand asparagus roots at $15 per thousand, to be paid for as dug up, counted and delivered, and hence was not required to be in writing by the section of the statute of frauds relating to contracts for the sale of land or an interest in land. *Westbrook* v. *Eager,* 16 *N. J. L.* 81; *Bloom* v. *Welsh,* 27 *Id.* 177; *O'Donnell* v. *Brehen,* 36 *Id.* 257.

Under this same head it is further contended (although no such reason is specified for a new trial) that the plaintiff cannot recover his share of the profits made in 'the joint adventure of himself and the decedent because "there was no existing partnership." It is enough to say in disposing of this contention that the right of a member of a joint adventure, limited, as here, to a single transaction, to recover his share of the profits in the possession of the other member, does not depend upon proof of an "existing partnership," but rather upon proof that the transaction has been closed and that the members have struck a balance and found and acknowledged the profits due to each. *Jaques* v. *Hulit,* 16 *N. J. L.* 38; *Davis* v. *Minch,* 80 *Id.* 214. Of that there was ample proof.

The next and last ground for setting aside the verdict is:

"That the court erred in refusing to grant a nonsuit to defendants at the conclusion of defendants' case on the ground that there was not sufficient evidence to establish plaintiff's right of action."

As to this contention it is enough to say that there was no such refusal, since the state of the case discloses that no motion for nonsuit was made at any time during the trial.

The rule to show cause will be discharged, with costs.