FREMONT S. BRUCE *vs.* GEORGE E. BITGOOD ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.
Argued October 9th—decided November 4th, 1931.

*Charles J. McLaughlin,* for the appellants (defendants).

*Irving H. Miron,* with whom was *Mahlon H. Geissler,* for the appellee (plaintiff).

PER CURIAM. This action grows out of a collision between an automobile truck owned by the plaintiff and an automobile owned by one defendant and driven by the other as her agent, which occurred at a highway intersection. The sole basis of appeal is that the driver of the truck was guilty of contributory negligence as matter of law. The vehicles were approaching the intersection at approximately the same time and the truck, being upon the right of the automobile, had the right of way. The trial court has found that the driver of the truck was approaching the intersection at a slow speed; that visibility was limited at the time by fog; that when its driver was between fifteen and twenty feet from the northerly edge of the concrete of the highway he was about to cross he looked to the left and saw nothing, the automobile then being so far away as to be hidden by the fog; that he then looked to his right, saw nothing, and proceeded into the intersection where the collision occurred; that the defendant's car was approaching at a speed of more than forty miles an hour, did not slacken that speed and its driver gave no warning. The driver of the plaintiff's truck had the right to assume that anyone approaching the intersection upon his left would exercise proper care, bearing in mind the fact that any vehicle coming from the direction in which the truck was proceeding would have the right of way and also the conditions of danger inherent in the low visibility due to the fog. Upon the facts found we cannot hold unreasonable the con-

clusion of the trial court that the driver of the truck was not guilty of contributory negligence. The finding cannot be corrected by striking out the portions of which complaint is made; when the force of the collision is considered, the conclusion that the defendant's car was proceeding at a speed of more than forty miles an hour is reasonably supported by the evidence. The additions sought to be made to the finding, if well founded on the evidence, would not be material; the distance in which the truck might have been stopped, the distance its driver could have seen had he looked to his left immediately prior to entering the intersection, and the distance the defendant's car might have been seen when it was fifty or sixty feet from the intersection, are matters which could not affect the decision of the case in view of the conclusion that the driver of the truck exercised reasonable care in looking as he did before reaching the intersection and did not in fact see the automobile.

There is no error.