WINNARETA E. WRIGHT, ADMINISTRATRIX AD PROSE-QUENDUM OF WASHINGTON F. WRIGHT, DECEASED, PLAINTIFF, v. JOHN W. BEITH, DEFENDANT.

Submitted May 15, 1931—Decided November 16, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiff, *Marlin V. Bergen.*

For the defendant, *Walter R. Carroll.*

PER CURIAM.

This is defendant's rule to show cause why a verdict for $10,000 awarded to the plaintiff in a death action should not be set aside. The reasons argued are that the verdict was against the weight of evidence, that the court should have granted defendant's motions for a nonsuit and for a directed verdict, and that the court erred in its charge.

The deceased Wright was a passenger in the defendant's automobile. Both had been at a banquet in New York and were on their way back to Gloucester City late at night traveling along the New Brunswick-Trenton state road at a point near Penn's Neck about a mile and a half to the east of Princeton. The atmospheric conditions were described by the defendant as "foggy in spots," that is to say, there were banks of fog with clear spaces. In one of these banks of fog the defendant's car closed up on the rear of a truck trailer before defendant was aware of it. The accident seems to have been due in large measure to such an insignificant cause as the butt of a cigar. According to the testimony of defendant, which was taken apparently without any objection that it related to a transaction with a deceased party, the deceased Wright had finished the cigar and wished to throw the butt out of the window. Defendant was at the wheel of the car, which was a coupe, and deceased was sitting on his right. The right window refused to work and

the deceased asked the defendant to throw the cigar butt out of the left-hand window. Between the two, the butt dropped on the floor, and with the car still going at speed both began to grope for it, defendant keeping his left hand on the wheel and watching the road. He testified that with matters in this situation he suddenly saw the truck ahead and had steered to clear it to the left when the deceased rose up and, in defendant's language, "I guess he looked up and saw where we were going. Naturally anybody would. Well, he came up and grabbed the wheel with his left hand and pulled me back into the truck." The photographs of the damaged coupe which were admitted in evidence show very clearly that there was a violent crash between the automobile and the truck or trailer ahead. While the principal impact seems to have been at the right front, the whole body is substantially a wreck, and assuming the truck was going eighteen to twenty miles an hour as was testified the jury were entitled to find that the closed automobile must have been traveling at a very high speed. There is considerable testimony with relation to statements made by the defendant after the accident and before the trial which do not include the claim that the deceased interfered with the steering gear. These are treated by counsel for the defendant on this argument as mere impeachment but counsel overlooks the fact that as the defendant was a party they are evidence of the admission class.

It is claimed, among other things, that the deceased Wright was a mere licensee in the car, but the jury were clearly entitled to find that he had been invited to go to New York on that particular ride, and consequently that the defendant owed him a duty of care. It may well be that the trip was originally suggested by the deceased; but the testimony nevertheless indicates that the defendant postponed his trip for two or three days for the express purpose of inviting the deceased to go with him, and on the whole we see no reason to question the propriety of the finding of the jury essential to a recovery that the deceased had been invited to ride in the car.

On the question of liability, we likewise consider that the evidence was sufficient to warrant the jury in holding the

defendant guilty of negligence, not only by inferring from the violence of the impact, that the car was traveling at a dangerous speed, but also from the fact of the defendant partially resigning his control over the car when traveling fast at night in a fog for the wholly unnecessary purpose of picking up a cigar butt. The court was clearly justified in declining to nonsuit or to direct a verdict and we are clear that the verdict as to defendant's negligence was not against the weight of evidence. As to contributory negligence, the burden of proving that was on the defendant, and as the accuracy of the story that he told with regard to the alleged actions of the deceased was a matter to be determined by the jury, we are unable to say that their finding in that regard is against the weight of evidence.

The troublesome point in the case arises out of a passage in the charge of the court. This passage is not brought before us in accordance with the rules and, consequently, we are not obliged to consider it. Rule 125 provides that on rules to show cause, &c., "the party entering such rule shall write down the reasons upon which he rests such motion with such particularity as is now required in stating grounds of appeal." The clause "with such particularity is italicized in the rule. If this were an appeal, the reason which attempts to bring this portion of the charge before us would be insufficient under the principles laid down in *State* v. *Blaine*, 104 *N. J. L.* 325, followed in a number of cases, because instead of quoting the passage of the charge in the reason, the latter reads as follows: "Because the court charged the jury, among other things, in substance, that if the defendant, by his act, placed plaintiff's intestate in a position of imminent peril, the latter was not guilty of contributory negligence because in an effort to extricate himself from such position of imminent peril, he did not do the wisest thing, or pursue the safest course under the circumstances of the case." This, while somewhat more specific than the reasons given in such cases as *Carey* v. *Deems*, 101 *Id.* 419; *Shedaker* v. *James*, 154 *Atl. Rep.* 394; *Benson* v. *Brady*, 5 *N. J Mis. R.* 13; *Napper* v. *West Jersey and Sea-*

*shore Railroad Co.,* 6 *Id.* 1035, and *Alling* v. *Walton,* 7 *Id.* 101, is nevertheless obnoxious to the requirement of the rule. We do not find it necessary, however, to stand upon the strictness of this rule because counsel when excepting to the charge of the court in this regard used the following language: "I want to except to that part of your honor's charge which deals with the party being placed in peril, on the ground that that would have no bearing on the facts in this case." Apart from the indefinite character of the exception, it will be observed that it is based upon the sole ground that the situation postulated by the court has no bearing on the facts in the case. The portion of the charge objected to, as now stated in the brief, reads as follows: "Your third question, then, as I have suggested it to you for your consideration, is whether or not the decedent was guilty of contributory negligence.

"You recall the testimony in the case with respect to that. The testimony of the defendant Beith, as the court recalls it, was to the effect that after Beith had reached down to find a cigar stump which had been dropped upon the floor of the car, the decedent Wright straightened himself up and took hold of the wheel of the car and twisted it, and that that was the cause of the accident. In that connection, may I say to you that where one is put in apparent danger as to cause him terror or loss of self-possession or bewilderment, he will not be as a matter of law chargeable with contributory negligence for an error of judgment in attempting to extricate himself or save himself. It is for you again to say, under all of the circumstances of the case, whether or not the decedent Wright was guilty of contributory negligence."

We think the instruction was entirely apposite to the situation as the jury were entitled to find it, viz., deceased, a passenger in defendant's automobile driven at high speed at night in a fog by the defendant, the latter with only one hand on the wheel and his head down looking for a trifling cigar butt and raising his head just in time to discover that he was crashing into the rear of a truck trailer. The prin-

ciple of law enunciated is well settled and, as counsel notes, is taken from *Barry* v. *Borden Farm Products Co.,* 100 *N. J. L.* 106, and previous cases. It is true that in the Barry case the party to which the rule was applied was the driver of the car and not a mere passenger; but we are not prepared to say at this time that there are no cases in which the rule may not similarly be applied to a passenger otherwise helpless, who sees, or reasonably thinks he sees, death manifestly impending because of the mismanagement of his driver. It is not necessary to pass upon this precise point because the objection to the charge, as already noted, is that it was inapplicable to the facts of the case. We think it was fairly applicable and this is all that needs to be decided at this time. The cases are clear that there are situations in which the passenger is bound to do something in his own protection. Generally, the question relates to the duty of warning the driver or protesting without physical action. For example, in such a case as *Avery* v. *Thompson* (*Me.*), 103 *Atl. Rep.* 4 (at *p.* 8), the court seems to have assumed that the passenger was not entitled to do more than warn or protest, saying, "she had neither direction nor control of its operation. That was absolutely within his power." On the other hand, in the Wisconsin case of *Howe* v. *Corey,* 172 *Wis.* 537; 179 *N. W. Rep.* 791, cited in 42 *C. J.* 1171, the court said in part: "We can easily conceive of cases where a clamor of direction by the guest would confuse a driver or chauffeur and increase the danger in a manner amounting to contributory negligence of the passenger. In others the duty to utter warning might be imperative. In some instances it would be rank folly to wrest the reins or the wheel from the hands of the one in charge of the vehicle. In others it might be highly necessary to do that very thing. The court cannot lay down a mathematical precept as a rule of law enjoining in detail what should be said or done or omitted in every juncture of danger." If it may be assumed that there are cases in which a passenger in sudden emergency is justified in interfering with the control of the wheel, or perhaps re-

quired to do in the exercise of proper care for himself, it should be plain that where such a feature of contributory negligence is involved, the rule of sudden emergency and exercise of judgment obtaining in similar cases of contributory negligence should be applicable also to this one. We prefer not to decide this point because it is not properly before us and content ourselves with saying that trial judges may well use the utmost caution in undertaking to apply that rule in cases involving the act of interference by a passenger with the control of a motor vehicle driven by another.

The amount of damages is not in question. Finding, as we do, that there was no error in refusing to nonsuit or direct a verdict, that the verdict was not against the weight of evidence, and that the portion of the charge that is challenged here is not obnoxious to the criticism made of it at the trial, we conclude that the rule to show cause should be discharged.