**BIGELOW et ux. v. RUPP.**

No. 2661.

Court of Civil Appeals of Texas.
Tenth District.   Waco.

Jan. 24, 1946.

Rehearing Denied March 7, 1946.

House, Mercer, Edwards & Irvin, of San Antonio, for appellants.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, and Sam G. Reams, of Falfurrias, for appellee.

HALE, Justice.

Appellants, D. A. Bigelow and wife, sued appellee for damages on account of injuries resulting from an automobile collision. Mrs. Bigelow was riding in her car. It was being driven at the time of the accident by her niece, Mrs. Howell, in an easterly direction along a street in the town of Falfurrias. Appellee was backing his car in a northerly direction out of the driveway at his home. The cars collided in the street, thereby causing personal injuries to Mrs. Bigelow and damage to both cars.

In response to special issues the jury found, among other things, as follows: appellee and Mrs. Howell each failed to keep such a lookout for approaching vehicles on the occasion in question as a person of ordinary prudence would have kept under the same or similar circumstances and such failure on the part of each was a proximate cause of the collision; appellee backed his car into the street (a) without stopping and ascertaining if the street were clear and (b) without giving a warning of any type, and his conduct in each particular constituted negligence on his part and a proximate cause of the collision; and Mrs. Howell was driving (a) at an excessive rate of speed, which was negligence on her part, and a proximate cause of the collision and (b) she did not fail to apply the brakes before the collision occurred and such failure, if any, was not a proximate cause of the collision but she did fail to exercise that degree of care which a person of ordinary prudence should have exercised under the same or similar circumstances to apply the brakes on the car she was driving before she did apply them, and such failure on her part was a proximate cause of the collision. Thereupon, the court rendered judgment that appellants take nothing.

Under various points in their brief appellants say the judgment should be reversed because the findings of the jury with respect to the negligence of Mrs. Howell are without proper support in the evidence. In passing upon the contentions thus asserted it must be borne in mind that the jury found Mrs. Howell was contributorily negligent in three particulars. Consequently, if the evidence was sufficient to raise and sustain the findings on any one of the three separate grounds of defense so submitted and found, then the findings on either of the other two grounds would become immaterial.

It is also elemental that if there was any evidence raising any one of the three grounds of defense, this court could not properly reverse the judgment on account of the insufficiency of the evidence to sustain the same unless the findings on each of the three grounds are so clearly against the overwhelming weight and preponder-

ance of all the competent testimony as manifestly to be wrong.

There was evidence to the effect that Mrs. Bigelow stated in response to an inquiry as to the cause of the wreck that she and her niece "were looking for a cigarette in the bottom of the car and that they did not see the car that was backing out." In our opinion this testimony, when considered in connection with the physical facts in evidence, was sufficient to raise the issue of proper lookout. If Mrs. Howell was not keeping a proper lookout, as found by the jury, and if she was driving at a rate of speed of 15 or 20 miles per hour, as testified by her and Mrs. Bigelow, then we think it was well within the province of the jury to determine whether such rate of speed was excessive and negligent under all of the existing facts and circumstances. The Bigelow car left skid marks in the street three or four feet in length immediately prior to the collision. Although Mrs. Howell applied the brakes before the collision occurred, we cannot say as a matter of law that she owed no duty in the exercise of ordinary care to apply them sooner than she did.

Sixteen witnesses testified in the case. Obviously, it would not be practicable here to set forth a resumé of all the testimony adduced. We have considered all the evidence but under the circumstances it must suffice only to say that we cannot hold any of the findings on all or any of the three separate grounds of defense to be against the overwhelming weight and preponderance of the testimony in its entirety.

Appellants complain of the manner and form in which the court submitted the issue relating to Mrs. Howell's negligence in failing sooner to apply her brakes because they assert, among other reasons, the issue as submitted was a comment upon the weight of the evidence in that it assumed she did not apply her brakes as soon as she saw the car of appellee. We do not think the issue as submitted is subject to the criticisms urged. Marek v. Southern Enterprises, Inc., 128 Tex. 377, 99 S.W.2d 594, pt. 5. But if for any reason there was error in the manner of submitting this issue, such error would not require a reversal of the case because no objection was made as to the manner or form in which either of the other two independent grounds of defense were submitted.

Under other points in their brief appellants say the judgment should be reversed because there was no proper basis in the pleadings, evidence, or findings of the jury for imputing the negligence, if any, of Mrs. Howell to them. We cannot agree with any of these contentions. Appellants alleged in their trial petition that their car was being driven by Mrs. Bigelow's niece "in a careful and prudent manner." Appellee alleged that Mrs. Howell was driving appellants' car at their "special instance and request" and with the authority and consent of both; that she was driving the same in a negligent manner in each of the particulars therein specified; and that such negligence on her part in each particular proximately caused or contributed to cause the injuries and damages of which appellants complain.

Appellants interposed no objection or exception to the sufficiency of the pleadings as a basis for imputing the alleged negligence of Mrs. Howell to them. Mrs. Howell testified without objection or dispute that she and her aunt were going to a certain place for some flower plants at the time of the collision and she was driving the car for her aunt, as was her custom, because her aunt had asked her to do so. D. A. Bigelow also testified without any objection that Mrs. Howell was driving his wife on this occasion with the authority and consent of both his wife and himself and that he knew she had frequently driven the car for his wife prior to that time. His testimony in this regard was undisputed. No issue was submitted to the jury as a basis for imputing the negligence, if any, of Mrs. Howell to appellants, no such issue was requested by either party and no objection was made to the charge as a whole or to any issue therein submitted on the ground that the court had failed to submit any issue as a predicate for imputing the negligence of Mrs. Howell to appellants.

It is thus apparent, we think, that the case was tried by both parties upon the mutual theory that the negligence, if any, of Mrs. Howell would be imputed in law to appellants. The fact that Mrs. Howell was or was not driving the car "in a careful and prudent manner," as affirmatively alleged by appellants, would be wholly im-

material upon any other theory. Moreover, if the pleadings of appellee on that theory were deemed by appellants to be defective or insufficient for the purpose of imputing the negligence of Mrs. Howell to them, it was their duty under the provisions of Rule 90, Texas Rules of Civil Procedure, to point out such defect, omission or fault by motion or exception in writing before the charge was submitted to the jury. Cox v. Ekstrom, Tex.Civ. App., 163 S.W.2d 845 (er. ref.); Texas Osage Co-op Royalty Pool v. Kemper, Tex.Civ.App., 170 S.W.2d 849 (er. ref.); Connor v. Boyd, Tex.Civ.App., 176 S.W.2d 212, pts. 8-10. This they wholly failed to do. Furthermore, having made no objection to the evidence bearing upon the legal relationship between them and Mrs. Howell in the driving of the car, we think it must be held under the provisions of Rule 67, Texas Rules of Civil Procedure, that such issue was tried with their implied consent, even though the same was not properly raised by the pleadings. Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562.

We are inclined to the view that the undisputed evidence in this case shows the negligence of Mrs. Howell was and is imputable to appellants as a matter of law. We see no logical escape from the conclusion that Mrs. Howell was acting as the duly authorized representative and special agent of Mrs. Bigelow in the driving of the car. If she was so acting then her negligence would be imputed to her principal under the doctrine of respondeat superior. Cannan v. Dupree, Tex.Civ.App., 294 S.W. 298 (er. ref.). Certainly she was not a mere bailee of the car, entrusted with its exclusive possession and right of control to do with as she pleased. Even though she might have had a personal interest in the mission upon which she and her aunt had entered, the legal results on the question of imputed negligence would be the same because undoubtedly Mrs. Bigelow had an equal interest and right of ultimate control with her niece in the detailed accomplishment of the enterprise in which the two might have been jointly engaged. El Paso Electric Co. v. Leeper, Tex.Com.App., 60 S.W. 2d 187. Ordinarily, a reviewing court may assume the correctness of uncontroverted testimony in support of a trial court's judgment without any express finding thereon by the court or jury. Aaron v. Aaron, Tex.Civ.App., 173 S.W.2d 310, (er. ref.) pt. 3 and authorities.

However, if reasonable minds might differ on any ultimate conclusion of fact to be drawn from the undisputed evidence in this case as to the legal relationship existing between appellants and Mrs. Howell in the driving of appellants' automobile, such issue or issues would necessarily be only incidental or supplemental to the issues of contributory negligence on the part of Mrs. Howell. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084. Hence such issue or issues would involve only component elements of fact in each of the three independent grounds of defense which were partially submitted to and found by the jury. Therefore, this court must assume under the record here that the trial court properly resolved the unsubmitted supplemental issues or component elements of fact in each ground of defense so submitted in such manner as to support the judgment. Wichita Falls & Oklahoma R. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79; Rule 279, Texas Rules of Civil Procedure.

From the entire record it appears to us that this case has been tried in substantial compliance with the requirements of law and all issuable facts have been consistently and impartially resolved in such manner as to preclude appellants from any legal right of recovery. Accordingly, all of their points are overruled and the judgment of the trial court is affirmed.