Mary ALEXANDER, Appellant,

v.

APPELL DRILLING CO. et al., Appellees.

No. 3366.

Court of Civil Appeals of Texas.

Waco.

April 26, 1956.

Rehearing Denied May 24, 1956.

Dean B. Kirkham, Corpus Christi, Sam H. Burris, Alice, for appellant.

Lewright, Dyer, Sorrell & Redford, Corpus Christi, Perkins, Floyd & Davis, Alice, for appellees.

TIREY, Justice.

Appellant, plaintiff below, brought this action under our Wrongful Death Statute for damages which she alleged she suffered by reason of the death of her son Grady Alexander, who was killed in an automobile truck collision on a public highway which had two traffic lanes. The accident occurred at night on the 17th of October, 1954. Her son was traveling south on State Highway No. 59 in a 1953 model Pontiac Sedan. At about 14 miles from Hebronville his car collided with a loaded truck traveling north and driven by an employee of appellee.

The jury in its verdict found substantially that the truck was being operated partially on the left or wrong side of the highway at the time of the accident, and that such operation was negligence and a proximate cause of the collision; that the driver of the truck failed to keep a proper lookout, and his failure so to do was a proximate cause of the collision; that the truck driver failed to keep proper control of his truck, and that such failure was a proximate cause of the collision; that at the time of the collision the truck was not being driven at a rate of speed in excess of that which an ordinarily prudent driver, in the exercise of ordinary care, would have driven under the same or similar circumstances; that the Pontiac was not being operated partially on its left or wrong side of the highway; that the driver of the Pontiac failed to keep a proper lookout, and that such failure was a proximate cause of the collision; that the driver of the Pontiac did not fail to keep a proper control of his car; that the Pontiac was being driven at a rate of speed in excess of that which an ordinarily prudent driver, in the exercise of ordinary care, would have driven under the same or similar circumstances, and that such act was a proximate cause of the collision; that Grady Alexander was driving his Pontiac at a rate of speed in excess of 55 miles per hour, and that such act was a proximate cause of the collision; that Grady Alexander failed to dim his lights on his Pontiac, and that such failure was negligence, but that such negligence was not a proximate cause of the collision; that the collision was not the result of an unavoidable accident. The jury found the reasonable expense incurred in the funeral and burial of Grady Alexander to be the sum of $1,200, and found that Mrs. Alexander had sustained a loss by his death in the sum of $9,964. The court granted appellees' motion for judgment on the verdict of the jury and overruled plaintiff's motion for new trial, and appeal was perfected to the San Antonio Court of Civil Appeals, and is here on transfer order of our Supreme Court.

Appellant assails the judgment on what she designates as six points. They are substantially: (1) The court erred in permitting witnesses Choate and Moore, as experts, to invade the province of the jury and to testify to their speculations, conclusions and opinions to the effect that the Pontiac was traveling at a left forward angle and not straight ahead at the time of the impact and to give their versions as to what path or course the respective vehicles will or will not take or what they will do upon impact; (2 and 3) the court erred in overruling plaintiff's motion for new trial because Special Issues 13 and 14 on "lookout" are without sufficient support in the evidence and because "lookout" of Grady Alexander as a matter of law under the circumstances was not a proximate cause of the collision; (4, 5 and 6) the court erred in overruling plaintiff's motion for new trial because Special Issues 18, 19 and 20 on "speed" are without sufficient support in the evidence, and further, what evidence there was on speed was incompetent as a matter of law, and because the rate of speed of the Pontiac as a matter of law under the circumstances was not a proximate cause of the collision.

Appellee's counter points are to the effect that (1 and 2) the testimony of the witness-

es Choate and Moore assigned as error related only to the position of the vehicles at the time of the impact and had no bearing on the issue of lookout and speed resolved against Grady Alexander, and hence, if erroneously admitted, was harmless error; (3) appellant failed to object to the introduction of the testimony complained of in appellant's Point 1 and therefore the error, if any, was waived; (4 and 5) there was evidence to support the jury's finding that Grady Alexander failed to maintain a proper lookout and that same was a proximate cause of the collision and the jury's finding that Grady Alexander failed to maintain a proper lookout was a proximate cause of the collision is binding on the appellate court; (6 and 7) there was competent evidence to support the jury's finding as to the speed of the Alexander vehicle and that such speed was a proximate cause of the collision and the jury's finding of the speed of such vehicle being a proximate cause of the collision is binding on the appellate court.

 Since the jury convicted the driver of the Pontiac of failure to keep a proper lookout, and found that such failure was a proximate cause of the collision, and further found that the driver of the Pontiac was driving said car at a rate of speed in excess of that which an ordinarily prudent driver, in the exercise of ordinary care, would have driven under the same or similar circumstances, and that such act was a proximate cause of the collision, and further found that Grady Alexander was driving his Pontiac at a rate of speed in excess of 55 miles per hour, and that such act was a proximate cause of the collision, such findings of the jury are binding upon the Court of Civil Appeals if there is any evidence of probative force to support them, and are decisive of this cause, and the plaintiff cannot recover notwithstanding the driver of the truck was guilty of negligence that proximately caused the accident. That is to say, it is well settled that we do not have the doctrine of comparative negligence in Texas. No rule is better settled than the one to the effect that if there is evidence

of probative value to sustain the findings of the jury, the appellate court is bound by such findings. See Lynch v. McLendon, Tex.Civ.App., 283 S.W.2d 88, point 3 (no writ history) and cases there collated.

Testimony was tendered to the effect that a truck tractor, with trailer attached, owned by appellee Drilling Company and driven by Wm. Russell Jones, its employee, was proceeding north on Highway 59, and a Pontiac driven by Grady Alexander, son of plaintiff, was proceeding in the south traffic lane. The trailer attached to the truck was loaded with oil field pipe and the overall weight of the truck, trailer and pipe was approximately 48,000 pounds; that Grady Alexander had spent the day at a picnic near Mathis and at that picnic he consumed an estimated three or four cans of beer; that he was under the influence of liquor but was not drunk; that Alexander left the home of Mrs. English at Mathis at about 8:00 p. m. and made one stop at Alice, but the length of this stop is not given accurately but both sides seemed to think it was for only a few minutes. The accident occurred at a point 67 miles from Mathis and the clock on the Pontiac stopped at 8:55 p. m. The witness Forrester arrived at the scene of the accident at about 9:00. Alexander was instantly killed in the accident and the only eye witness who testified was the truck driver Jones. He testified to the effect that he could not estimate the distance between his truck and the Pontiac when he first saw its lights; that he was on the right hand side of the road; that he blinked his lights two or three times at the approaching automobile; that the Pontiac was 150 to 200 yards away when he decided the driver of the Pontiac was not dimming his lights; that he, the truck driver, was not driving more than 45 miles per hour, as the truck had a governor on it setting it at that speed and that he could not have been making 45 miles an hour because he had not gotten into overdrive. When questioned as to whether he reduced his speed, he said: "I raised my foot up on the foot feed a little but not much"; that he was watching the shoulder

on the right side of the road; that he did not cross over the center line, and that before the impact he did not change the course or direction of his truck, and that he kept on going and stayed on his side of the road; that the driver of the Pontiac never dimmed his lights and that he drove his truck 30 or 40 feet blind; that he would not testify that the driver of the Pontiac was on the wrong side of the highway because he could not tell exactly the location of the automobile on account of his "bright lights"; that he was knocked out in the accident and did not apply his brakes after the collision and did not drive the truck a foot after the impact. Testimony was further tendered to the effect that the left front tire of the truck was blown out in the collision and the truck went off of the highway on its left hand side; that the Pontiac came to rest on its shoulder on its side of the highway; that the body of Alexander was close by and that near the body was a Lone Star beer can with two holes in the top. Pictures were taken at the scene of the collision of the damaged vehicles and they appear in the record as exhibits. These exhibits show damage to the left front fender and on the left side of the cab of the truck. The Pontiac was demolished, with the entire left side being torn away. There was a difference in view of the witnesses as to whether the heavy black line was made by the left front blown-out tire on the truck, or the right front tire, which was not blown out. There was a "gouged" out mark in the pavement on the Pontiac side of the highway and plaintiff contended that such "gouged" out mark was made by the truck and marked the point of impact. The distance of this "gouged" out mark from the center line varied from 2.5 inches to 3.2 inches. The highway at the point of the accident was 18.8 feet wide and the width of the Alexander traffic lane was 9.6 feet. J. D. West, highway patrolman, testified on cross-examination, without objection, that in his opinion the Pontiac was being driven at a rate of speed in excess of 55 miles per hour. Three witnesses testified to the effect that after the accident, driver Jones said that the acci-

dent happened so fast that he didn't know how it happened. Evidence was tendered to the effect that the speedometer of the Pontiac was stopped on 70 miles per hour. No evidence was tendered to the effect that the Pontiac left any skid marks, nor that the Pontiac turned to the right.

■ Going back to the verdict of the jury, we find that it convicts Grady Alexander of negligence in failing to keep a proper lookout, and finds that such negligence was a proximate cause of the accident, and further convicts him of driving his car at a rate of speed in excess of that which an ordinarily prudent driver, in the exercise of ordinary care, would have driven under the same or similar circumstances, and that such act was a proximate cause of the collision, and further found that Grady Alexander was driving his Pontiac at a speed in excess of 55 miles per hour, and that such act was a proximate cause of the collision. So, at the very outset of the consideration of the jury verdict we are bound by the rule that if there is any conflicting evidence in the record of a probative nature, a determination of the issue is for the jury. Air Conditioning, Inc., v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422. So the question arises: Under the testimony tendered and under all of the facts and surrounding circumstances existing immediately before and at the time of the accident, is there any evidence of a probative nature to support the jury's findings on the foregoing issues? We think there is.

■ First of all, considering all of the evidence tendered, together with all the facts and circumstances surrounding the accident, there is an absence of evidence to the effect that the Pontiac left any skid marks, as well as an absence of any evidence to indicate that the Pontiac was pulled to the right, and the jury had the right to infer and find, as it did, that Grady Alexander failed to keep a proper lookout and that but for such failure and his rate of speed, he would have observed the truck partially in his traffic lane and would have avoided it. There is evidence to the effect

that deceased had driven 67 miles in a little less than one hour. The jury under all the facts and circumstances had the right to infer and find that deceased was exceeding the speed limit at the time of the accident, and since the jury was of the further view that the driver of the Pontiac failed to keep a proper lookout and that he was driving his car at a rate of speed in excess of that which an ordinarily prudent person would have driven under the same or similar circumstances, we think the jury under all of the facts and circumstances had the right to infer and find that each of the foregoing acts of negligence was a proximate cause or proximately contributed to the accident.

As a reviewing court, it is our duty to consider the evidence and the inferences properly to be drawn therefrom in the light most favorable to the party obtaining the verdict, and it is our duty in considering controverted issues of fact to accept as true that testimony which tends to support the verdict. 3–B Tex.Jur. pp. 370 and 372. Moreover, "Where the facts are controverted, or are such that different inferences may be reasonably drawn therefrom, an issue of fact is raised; it is only where the evidence is harmonious and consistent, and the circumstances permit of but one conclusion, that the question becomes one of law for the determination of the court. An issue of fact is raised 'if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff.'" (Citing cases.) See Olds v. Traylor, Tex.Civ.App., 180 S.W.2d 511, 514, points 8 and 9 (writ ref.). Applying this rule to the factual situation here, and rejecting all evidence save that favorable to the affirmative issues found by the jury on contributory negligence, it is our duty to hold that the evidence is sufficient to support the jury's findings on the contributory negligence of deceased, and the further finding that such negligence was a proximate cause of the accident. Moreover, "'It was the jury's province

to weigh all of the evidence, to decide what credence should be given to the whole or any part of the testimony of each witness. "The jury were the judges not only of the facts proved, but of the inferences to be drawn therefrom, provided such inferences were not unreasonable."'" See Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 at page 199, point 6. We think the foregoing statement is applicable here and that the inferences drawn and findings made as to lookout and speed and proximate cause were not unreasonable. Moreover, we think it is perfectly harmonious and consistent for the jury to have believed and found that Grady Alexander was guilty of negligence in failing to keep a proper lookout and in operating the Pontiac at the rate of speed he was just immediately before and at the time of the accident, and that such negligence was a proximate cause of the accident; otherwise, under all the facts and circumstances he would have seen that the truck was partially in his traffic lane and he could have avoided the collision but for his failure to keep a proper lookout and but for his rate of speed. Nor do we think that such view is inconsistent with the jury's finding to the effect that Grady Alexander failed to dim his lights and that such failure was negligence, but that such failure was not a proximate cause of the accident. See Carey v. Pure Distributing Corp., 133 Tex. 31, 124 S.W.2d 847; Missouri-Kansas-Texas R. Co. of Texas v. McLain, 133 Tex. 484, 126 S.W.2d 474; Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352; Union Bus Lines v. Moulder, Tex.Civ.App., 180 S.W.2d 509 (no writ history); 10 Blashfield Cyclopedia of Automobile Law & Practice, Sec. 6560, p. 596; Universal Transport & Distributing Co. v. Cantu, Tex.Civ.App., 84 S.W.2d 327 (writ ref.); Younger Bros., Inc., v. Ross, Tex. Civ.App., 151 S.W.2d 621 (writ dis.); Bruce v. Bitgood, 113 Conn. 783, 156 A. 859; Wright v. Beith, 157 A. 840, 9 N.J. Misc. 1183; Esterly v. Youngstown Arc Engraving Co., 59 Ohio App. 207, 17 N.E.2d 416; Goodale v. Hathaway, 149 Or. 237, 39 P.2d 678; Knuth v. Murphy, 237 Minn. 225, 54 N.W.2d 771; Oyster v. Dye, 7 Wash.2d 674, 110 P.2d 863, 133 A.L.R. 720. See also

383

Railway Express Agency, Inc., v. Robinson, Tex.Civ.App., 162 S.W.2d 984, at page 990, point 12 (writ ref. w. o. m.); Womack v. Hazelwood, Tex.Civ.App., 271 S.W.2d 699 (n. r. e.); Bigelow v. Rupp, Tex.Civ. App., 192 S.W.2d 791 (n. r. e.); Akers v. Epperson, Tex.Civ.App., 172 S.W.2d 512.

But appellant contends that since the jury convicted the driver of the truck of negligence in partially driving his truck on the left side of the center line and into the traffic lane where Alexander was driving his car, and further found that the deceased did not operate his car to his left and into the traffic lane of the truck, that the deceased could not have been guilty of contributory negligence as a matter of law. We do not so understand the rule and the application thereof to the factual situation here before us. In Texas contributory negligence and proximate cause are questions of fact to be decided by the jury except in the following respects: (a) when they consist of violations of the law; or (b) the circumstances are such that in the opinion of the court reasonable minds could not arrive at different conclusions. See Texas & N. O. R. Co. v. Stewart, Tex.Civ.App., 248 S.W.2d 177 at page 183, point 2 (n. r. e.) and cases there cited. Under the foregoing findings of the jury and because it is our view that there was evidence of probative value to support the findings of contributory negligence and proximate cause against deceased, each of the points of error assigned by appellant pass out of the case. In the event we are mistaken in this view, each of appellant's points are overruled.

We think we should say specifically that Point 1 of appellant passed out of the case because the testimony referred to in Point 1, if erroneously admitted, was harmless because the jury expressly found in favor of appellant on the issue tendered by the same, and against the appellee, and for this reason such testimony, if erroneously admitted, was harmless. See Rule 434, Texas Rules of Civil Procedure. Moreover, we think that appellee's Counter Points 1 and 2 are complete answers to appellant in this behalf. They are to the effect that the testimony of the witnesses Choate and Moore, assigned as error, related only to the position of the vehicles at the time of the impact and had no bearing on the issue of lookout and speed resolved against Grady Alexander, and hence, if erroneously admitted, was harmless error.

Because of the views which we have heretofore expressed as being controlling of the disposition of this cause, appellees' cross points become immaterial and pass out of the case.

After carefully reviewing this record, we are of the view that the evidence is sufficient to support the jury's findings of contributory negligence and proximate cause against the driver of the Pontiac car, and being of this view, the trial court entered the correct judgment and his action in so doing must be affirmed.

Accordingly, the judgment of the trial court is affirmed.